IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TEKSYSTEMS, INC.,
   *Plaintiff*,

v.                                                   Civil Action No. ELH-16-4125

TEKSAVVY SOLUTIONS, INC.,
   *Defendant*.

**MEMORANDUM**

In this trademark infringement case, plaintiff TEKsystems, Inc., a Maryland corporation that offers information technology staffing and services, has sued defendant TekSavvy Solutions, Inc., a Canadian company in the telecommunications and web development industry. ECF 1, ¶¶ 1-2 (Complaint).[1] The dispute stems from the parties' use of "TEKSAVVY" as part of their respective businesses. Notably, plaintiff owns a trademark on TEKSAVVY in connection with a blog it maintains. *Id.* ¶¶ 7, 10. However, defendant uses TekSavvy as its name in connection with its services, and also maintains a blog with the same name. *Id.* ¶¶ 16.

Plaintiff seeks relief in two counts. In Count I, plaintiff seeks a declaratory judgment of the validity of plaintiff's trademark. *Id.* ¶¶ 19-22. Count II asserts a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1114. *Id.* ¶¶ 23-30. The Complaint is supported by two exhibits, consisting of emails from defendant's attorney to plaintiff. ECF 1-1; ECF 1-2.

Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF 18. The motion is supported by a memorandum of law (ECF 18-1) (collectively, "Motion").

---

[1] Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1338, as both of plaintiff's claims arise under federal statutes and the claims relate to a trademark. ECF 1, ¶ 5.

Defendant argues that this Court lacks subject matter jurisdiction to decide the declaratory judgment claim (Count I), because no case or controversy exists. ECF 18-1 at 4. As to plaintiff's trademark infringement claim (Count II), defendant contends that it fails to state a claim because the allegations concerning defendant's use of the trademark in commerce are contradictory, resulting in plaintiff's failure to plead adequately one of the elements of the claim. ECF 18-1 at 8-9.

Plaintiff opposes the Motion. ECF 19 ("Opposition"). Defendant has replied. ECF 20 ("Reply").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion as to Count I and deny it as to Count II.

## I. Factual Background[2]

Since at least November 2012, plaintiff has maintained a blog that offers "career advice, commentary on industry trends, and tips for using hardware and software." ECF 1, ¶ 7-8. The blog uses the trademark TEKSAVVY. *Id.* ¶ 7. Plaintiff owns a registration in the U.S. Patent and Trademark Office ("USPTO") for the trademark TEKSAVVY, which was issued on August 20, 2013. *Id.* ¶ 10.

On December 7, 2016, Ben Tobor, an attorney for defendant, sent an email to plaintiff. *Id.* ¶ 12; ECF 1-1. Tobor stated that defendant sought to register TEKSAVVY in Trademark Classes 38 and 42, which pertain to telecommunications and technology services (ECF 1-1 at 2), but that the registration had been refused on the basis of plaintiff's registration of TEKSAVVY

---

[2] The factual allegations are derived from the Complaint and the attached exhibits, which are integral to the Complaint. Based on the procedural posture of the case, I must assume the truth of the well pleaded factual allegations in the Complaint. *See, e.g., E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

in Class 41, pertaining to blogs. *Id.* Tobor claimed in the email that defendant had maintained its own blog, called TekSavvy Blog, since November 2011. *Id.*

Further, the email stated that defendant sought a "Consent to Registration" for defendant's trademark applications. *Id.* Specifically, Tobor wrote: "One option would be to obtain from [plaintiff] a Consent To Registration, with standard and typical terms and conditions. [Defendant's] other option would be to seek to cancel [plaintiff's] registration based upon our client's prior use of its mark TEKSAVVY for blogs in the United States." *Id.* at 2-3. Tobor expressed that defendant "would of course prefer to amicably resolve this situation without filing a cancellation proceeding, and trust[s] that would also be [plaintiff's] desire." *Id.* at 3.

In a subsequent email to plaintiff dated December 20, 2016, responding to an interim email not attached to the Complaint, Tobor stated that defendant's "blogging services have been rendered in commerce that may be regulated by the U.S. Congress." ECF 1-2 at 2. Tobor also wrote: "We submit [defendant] has superior rights to the mark TEKSAVVY for its Class 41 blogging services in the United States, as well as Canada, based upon its prior use . . . , and this use would provide a basis to seek cancellation of [plaintiff's] mark in the U.S." *Id.* Tobor added: "Provided we can obtain a Consent to Registration, we believe that we will be readily able to agree to [plaintiff] keeping its registration and continuing to use its mark in the United States, and that this would be part of a side agreement to the Consent to Registration." *Id.*

This suit followed on December 29, 2016.

## II. Standards of Review

Defendant has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. In addition, defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

## A. Subject Matter Jurisdiction

Article III of the Federal Constitution limits judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). In *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011), the Supreme Court said: "Continued adherence to the case-or-controversy requirement of Article III maintains the public's confidence in an unelected but restrained Federal Judiciary. . . . For the federal courts to decide questions of law arising outside of cases and controversies would be inimical to the Constitution's democratic character." *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (stating that Article III standing "enforces the Constitution's case-or-controversy requirement"), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, ___ U.S. ___, 134 S. Ct. 1377, 1387-88 (2014); *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (stating that, under Article III of the Constitution, "'the exercise of judicial power depends upon the existence of a case or controversy'" (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974))); *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (stating that Article III "gives federal courts jurisdiction only over cases and controversies" (internal quotation marks and citations omitted)).

Therefore, during the pendency of a case, an actual controversy must exist. *See Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974); *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013). In the absence of a case or controversy, "the court's subject matter jurisdiction ceases to exist . . . ." *S.C. Coastal Conservation League v. U.S. Army Corps. of Eng'rs*, 789 F.3d. 475, 482, (4th Cir. 2015); *see Gardner v. GMAC, Inc.*, 796 F.3d. 390, 396 (4th Cir. 2015) (stating that, in the absence of a case or controversy, the court lacked subject matter jurisdiction).

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc.*, 22 F. Supp. 3d at 524. In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

In this case, defendant brings a facial challenge to the Court's subject matter jurisdiction, made on the basis of the four corners of the Complaint. ECF 18 at 4.

### B. Failure to State a Claim

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th

Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017); *Kensington Volunteer Fire Dep't. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains,* gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a

document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

Tobor's emails to plaintiff, on behalf of defendant, are integral to the Complaint, because plaintiff claims they give rise to a case or controversy. ECF 19 at 2-3. There is no dispute as to the authenticity of the emails. Therefore, I shall consider them.

### III. Discussion

#### A. Count I: Declaratory Judgment

In trademark litigation, a party who has been threatened with an infringement or dilution suit may seek to take action to determine its rights, rather than wait for the adverse party to sue at its convenience. *See* 3-11 *Gilson on Trademarks* § 11.04. The party that fears liability may initiate a declaratory judgment action against its opponent, requesting that the court "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

In order to bring a declaratory judgment action under 28 U.S.C. § 2201, the plaintiff must establish the existence of a dispute that is "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that [is] 'real and substantial.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). This is necessary in order to satisfy the case or controversy requirement of Article III of the U.S. Constitution. *Id.* at 126-27.

Defendant argues that such a controversy does not exist here because defendant never threatened litigation. Therefore, insists defendant, this Court lacks subject matter jurisdiction. ECF 18 at 4. According to defendant, it did not mention litigation at all—"TekSavvy's letter at most threatens to file a cancellation proceeding" with the USPTO's Trademark Trial and Appeal

Board ("TTAB") (*id.* at 7), which, defendant argues, is insufficient to create a case or controversy that could support a declaratory judgment action. *Id.* at 5.

In its Opposition, plaintiff maintains that defendant "inexplicably ignore[s]" the Supreme Court's decision in *MedImmune*, 548 U.S. 118, which plaintiff argues "lowered the threshold for establishing the requisite actual case or controversy in intellectual property cases." ECF 19 at 5. The question is "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy.'" *MedImmune*, 548 U.S. at 127 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); s*ee also Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008) ("In short, 'all the circumstances' must show a controversy.").

Plaintiff refers to several cases to establish that a controversy can exist without an explicit threat of litigation. *See* ECF 19 at 5-6. In *Poly-America, L.P. v. Stego Indus., L.L.C.*, 694 F. Supp. 2d. 600, 606-07 (N.D. Tex. 2010), for example, the district court found a case or controversy where a declaratory plaintiff did not face "guaranteed litigation," but where the declaratory defendant had sent a cease-and-desist letter and demonstrated its "willingness to enforce its trademark rights." Similarly, in *Classic Liquor Imp., Ltd. v. Spirits Int'l B.V.*, 151 F. Supp. 3d 451, 457 (S.D.N.Y. 2015), the court found a case or controversy even though the defendant stated it had no "present intent to sue" the plaintiff, because it had vowed to "vigorously protect[] its trademarks."

Plaintiff also relies on *Neuralstem, Inc. v. StemCells, Inc.*, 573 F. Supp. 2d 888, 894 (D. Md. 2008), a post-*MedImmune* case from this Court, where the plaintiff established a case or controversy by showing that it had "been placed in a position of either 'pursuing arguably illegal behavior' of using stem cells as potential therapeutics or 'abandoning' its use." *Id.* (quoting

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007)). Finally, plaintiff offers a pre-*MedImmune* Fourth Circuit case, *What-A-Burger Of Virginia, Inc. v. Whataburger, Inc. Of Corpus Christi, Texas*, 357 F.3d 441, 448 n.5 (4th Cir. 2004), for the proposition that "a junior user who reasonably fears litigation for infringement . . . may force the issue of infringement through a declaratory judgment action and obtain closure on its right to continue using the mark."

These cases appear to be good law. But, in each of these cases, the declaratory plaintiff brought a suit *against* the holder of the trademark, because it feared an impending infringement suit from the declaratory defendant. In contrast, plaintiff is decidedly *not* faced with the position of either "pursuing arguably infringing behavior" or "abandoning its use of the mark." This is for the straightforward reason that *plaintiff*, not defendant, is the trademark holder. There is simply no trademark held by defendant on which plaintiff could infringe. Indeed, the genesis of the parties' dealings with each other is that defendant sought to register a trademark, and was refused. *See* ECF 1-2 at 2. At most, defendant has threatened to initiate a cancellation proceeding, but this would not subject plaintiff to liability.

Plaintiff suggests that defendant's emails do threaten litigation because defendant could seek to cancel plaintiff's trademark in federal court under 15 U.S.C. § 1119, rather than in the TTAB. ECF 19 at 7 n.3. However, courts have consistently held that 15 U.S.C. § 1119, which enables courts to order the cancellation of registrations "in any action involving a registered mark," does not provide an independent basis of jurisdiction or a standalone cause of action. *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 599 (9th Cir. 2014); *see also Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011), *aff'd*, ___ U.S. ___, 133 S. Ct. 721 (2013); *Windsurfing Intern. Inc. v. AMF Inc.*, 828 F.2d 755, 758-59 (Fed.

Cir. 1987). The reasoning for these decisions is clear: "If one could file suit in federal court solely for cancellation of a registration, this would negate and short-circuit the power of the USPTO Trademark Board to consider such cases. . . ." 5 *McCarthy on Trademarks and Unfair Competition* § 30:110 (5th ed.).

As such, there is no basis on which defendant's emails amounted to a threat of federal litigation; they could only have threatened a cancellation proceeding in the TTAB. And, as defendant points out in its Reply, plaintiff "does not cite to any case where a party threatened to file a cancellation proceeding with the TTAB and where that threat alone was sufficient to establish subject matter jurisdiction under the Declaratory Judgment Act." ECF 20 at 2.

To the contrary, defendant points to several recent cases suggesting that a threat to initiate a cancellation proceeding in the TTAB, or even the initiation of cancellation proceedings, is insufficient to establish a case or controversy. *See, e.g.*, *Hogs & Heroes Found. Inc. v. Heroes, Inc.*, 202 F. Supp. 3d 490, 495 (D. Md. 2016) ("At the outset, it bears noting that 'the existence of a dispute before the TTAB is insufficient to establish sufficient adversity for purposes of a declaratory judgment action.'" (quoting *Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*, 784 F. Supp. 2d 391, 395 (S.D.N.Y. 2011)); *1-800-Flowers.com, Inc. v. Edible Arrangements, LLC*, 905 F. Supp. 2d 451, 456 (E.D.N.Y. 2012) ("[P]laintiff has cited nothing to suggest that the filing of an opposition in a registration proceeding, alone, demonstrates 'a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" (quoting *MedImmune*, 549 U.S. at 126)); *Vina Casa Tamaya S.A.*, 784 F. Supp. 2d at 396-97 (opposition before TTAB, cease-and-desist letter, and settlement negotiations were insufficient to create an actual controversy). This logic comports with defendant's policy argument for declining jurisdiction: If the threat of a cancellation proceeding were sufficient to

establish federal jurisdiction, "then parties could always choose to have their disputes over registration adjudicated first by a Federal court instead of by the TTAB." ECF 20 at 4.

Although the Tenth Circuit found that the serial filing of TTAB cancellation proceedings was not "entirely irrelevant when assessing whether an actual controversy exists," it noted that "courts should not take a TTAB opposition filing, automatically and by itself, to be conclusive evidence of the existence of a live infringement dispute." *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1246 (10th Cir. 2008). Moreover, at this point defendant has not filed even one TTAB proceeding regarding plaintiff's trademark.

Because plaintiff holds the trademark, it need not fear an infringement lawsuit from defendant, which holds none. However, if plaintiff believes its mark is being used inappropriately, and seeks to assert its rights, it may bring its own infringement action, which it has done in Count II. ECF 1, ¶¶ 23-30. Thus, I shall grant defendant's Motion as to Count I.

### B. Count II: Trademark Infringement

Defendant moves to dismiss Count II under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff has failed to state a claim for trademark infringement because it has not alleged that defendant used the disputed mark "in commerce," as required by 15 U.S.C. § 1114. ECF 18 at 8-9. Specifically, defendant contends that because plaintiff alleges in Count I that defendant's "use of the term TEKSAVVY in connection with posting a blog in Canada is not a 'use in commerce' in the United States" (ECF 1, ¶ 20), and then in Count II plaintiff "restates and incorporates by reference . . . the allegations of paragraphs 1 through 22, inclusive" (*id.* ¶ 23), it follows that plaintiff has pleaded that defendant did not use the mark in commerce in the United States. ECF 18 at 8-9. In response, plaintiff asserts that it has sufficiently alleged its claims in the alternative.

ECF 19 at 9-10. Defendant replies that plaintiff never stated that it pleads in the alternative. ECF 20 at 6.

In my view, defendant elevates form over substance. Fed. R. Civ. P. 8(d)(3) permits a party to "state as many separate claims . . . as it has, regardless of consistency." And, there is no genuine contention that plaintiff's pleadings fail to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" (*Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))), as required by Fed. R. Civ. P. 8(a)(2).

Defendant has advanced no other reason why Count II does not state a claim for trademark infringement. Therefore, I shall deny the Motion as to Count II.

## IV.    Conclusion

For the reasons stated above, I shall GRANT defendant's Motion as to Count I and DENY it as to Count II.

An Order follows, consistent with this Memorandum.


Date:   October 25, 2017                                /s/
                                                Ellen Lipton Hollander
                                                United States District Judge