IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TEKSYSTEMS, INC.,
    *Plaintiff*,

v.

TEKSAVVY SOLUTIONS, INC.,
    *Defendant*.

Civil Action No. ELH-16-4125

**MEMORANDUM**

In this trademark infringement case, plaintiff TEKsystems, Inc. ("TEKsystems"), a Maryland corporation that offers information technology staffing and services, has sued defendant TekSavvy Solutions, Inc. ("TekSavvy"), a Canadian company in the telecommunications and web development industry. ECF 1, ¶¶ 1-2 (Complaint). The dispute stems from the parties' use of the term "TEKSAVVY" as part of their respective businesses.

Plaintiff has moved for leave to file an amended complaint, pursuant to Fed. R. Civ. P. 15. ECF 29. The motion is accompanied by a memorandum of law (ECF 29-1) (collectively, "Motion"), and the proposed Amended Complaint. ECF 29-2.

The proposed Amended Complaint adds a declaratory judgment claim against defendant. *See* ECF 29-2 at 5-6. Plaintiff's original Complaint contained a similar declaratory judgment claim (ECF 1 at 4), which this Court dismissed for failure to state a claim on October 25, 2017. *See* ECF 21. In particular, the earlier declaratory judgment claim was dismissed because the Court found that there was no genuine threat of litigation. *See id.* at 12. However, since that time, TekSavvy has filed a counterclaim for copyright infringement against TEKsystems (*see* ECF 23), and TEKsystems argues that the counterclaim creates a case or controversy. *See* ECF 29-1 at 1.

In its proposed Amended Complaint, plaintiff seeks a declaration that TekSavvy has not and cannot acquire trademark rights in, or register, the mark "TEKSAVVY," based on TekSavvy's use of the term on its Canadian blog, because "such use is not a 'use in commerce' in the United States." ECF 29-2, ¶ 21. Further, plaintiff seeks a declaration that plaintiff has the exclusive right to use the term "TEKSAVVY" in the United States in connection with any IT-related blog or services. *Id.* ¶ 23.

TekSavvy opposes the Motion. ECF 30 ("Opposition"). TEKsystems did not reply. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

## I. Discussion

The Motion to Amend implicates Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); *Simmons v. United Mortgage & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman*, 371 U.S. at 182; *see also Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam). Indeed, *Foman*, 371 U.S. at 182, "mandates a liberal reading of the rule's direction for 'free' allowance: motions to amend are to be granted in the absence of a 'declared reason' 'such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment, etc.'" *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987); *see Booth*, 337 F. App'x at 312.

Here, granting leave to amend clearly would not cause undue delay or undue prejudice. Therefore, I turn to discuss futility.

A motion to amend can be denied on the basis of futility where the proposed amendment "could not withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *see also Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990) ("There is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). "Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (internal citations omitted). "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis*, 615 F.2d at 613).

In its Opposition, TekSavvy asserts that the proposed amendment is futile for two reasons. ECF 30 at 6-7. First, defendant contends that the "declaratory judgment claim relies on the incorrect legal standard." *Id.* Defendant maintains that the Lanham Act, which grants trademark rights, has no geographic requirement such that "'use in commerce' in the United States," as opposed to "use in commerce" *generally*, is a relevant term. *Id.*

It is not immediately apparent that defendant's contention is accurate, or even relevant. However, even if TekSavvy were correct that the phrase "use in commerce," as it pertains to trademark rights, has no geographic limitation, plaintiff's declaratory judgment claim would not be futile. This is because plaintiff also alleges: "TEKsystems is entitled to the exclusive use of its TEKSAVVY mark by virtue of its registration and continuous use of TEKSAVVY in interstate commerce for more than five (5) years. . . ." ECF 29-2, ¶ 22. As a result, plaintiff

seeks "an Order of Court declaring that TEKsystems has the exclusive right to use its TEKSAVVY mark in the United States in connection with any IT-focused blog or related IT services . . . and that [TekSavvy] cannot register the mark." *Id.* ¶ 23.

This element of the declaratory judgment claim does not rely on geography, and does not appear to be "insufficient or frivolous on its face." Notably, TekSavvy does not discuss this part of the declaratory judgment claim. Simply because a complaint alleges a legal theory that may prove to be unsuccessful does not preclude amendment of the complaint. *See Next Generation Grp., LLC v. Sylvan Learning Centers, LLC*, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (finding an amendment warranted "because at least some of its claims are not futile"). Therefore, the amendment is not futile on this basis.

TekSavvy also argues that TEKsystems' claim must fail because TekSavvy's blog began in 2011 and TEKsystems' blog began in 2012. ECF 30 at 7. According to TekSavvy, plaintiff therefore "should have been particularly attuned to the 'TekSavvy' blog that already existed in 2011." *Id.* This argument appears to be based on an assessment of the merits of TEKsystems' claim, which, as discussed, is inappropriate at this juncture. *See Davis*, 615 F.2d at 613.

## II. Conclusion

For the aforementioned reasons, I shall GRANT the Motion. An Order follows, consistent with this Memorandum.

Date:  February 21, 2018 /s/
Ellen Lipton Hollander
United States District Judge